| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:23-CR-00074-3-JRG-CRW |
| | ) | **TO BE FILED UNDER SEAL** |
| AMANDA SIMMS | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Amanda Simms's letter [Doc. 448], which the Court construes as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] The Federal Defender Services of Eastern Tennessee has reviewed her motion and declined to a file supplemental motion on her behalf. [FDSET's Notice of No Intent, Doc. 455]. The United States has responded in opposition to her motion. [United States's Resp., Doc. 456].

## I. BACKGROUND

In 2023, a grand jury indicted Ms. Simms on charges of conspiring to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 21 U.S.C. § 846, and conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(h). [Indictment, Doc. 3, at 1–2]. She later pleaded guilty to the charge of conspiring to distribute fifty grams or more of methamphetamine. [Plea Agreement, Doc. 152, at 1].

With a criminal history category III and total offense level 37, she had an initial advisory guidelines range of 262 to 327 months' imprisonment. [Statement of Reasons, Doc. 439, at 1]. The Court departed downward by two levels in response to the United States's motion under U.S.S.G. § 5K1.1, and the two-level departure resulted in an adjusted advisory

---

[1] 18 U.S.C. § 3582(c)(1)(A) is "commonly known as the 'compassionate release' provision" of the statute. *United States v. Pegram*, 843 F. App'x 762, 762 (6th Cir. 2021).

guidelines range of 210 to 262 months' imprisonment. [*Id.* at 2]. Over the United States's objection, the Court also granted her motion for a variance, and it varied downward based on its determination that the record overstated her criminal history and based on her history of drug dependence, her lack of guidance in her youth, her mental and emotional condition, her pre-sentence rehabilitative efforts, her non-violent criminal history, and her remorse. [*Id.* at 3]. The Court sentenced her to 120 months, the mandatory minimum sentence. [J., Doc. 438, at 2].

Acting pro se, Ms. Simms now asks the Court to review her case and "see if [it] may think [she] might be eligable [sic] for compassionate release." [Def.'s Mot. at 2]. In seeking compassionate release, she states that her children "really need [her] right now" because her foster mother, who was her children's caregiver and custodian, recently passed away. [*Id.*]. She acknowledges, however, that her children are now in the care and custody of her foster father, who is able to "take care of them physically and financially." [*Id.*]. The United States has responded in opposition to Ms. Simms's motion. Having carefully considered her motion and the parties' arguments, the Court will now rule on them.

## II. LEGAL STANDARD

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Congress enacted one of those exceptions in 18 U.S.C. § 3582(c)(1)(A). Although § 3582(c)(1)(A) begins with the declaration that "[t]he court may not modify a term of imprisonment once it has been imposed," Congress enacted the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018), which amended § 3582(c)(1)(A) so that courts—for the first

2

time—can consider a defendant's motion for compassionate release once that defendant either exhausts his administrative remedies with the Federal Bureau of Prisons ("BOP") or waits thirty days after submitting a request to the warden. 18 U.S.C. § 3582(c)(1)(A).

The First Step Act's amendment to § 3582(c)(1)(A) is significant because "[h]istorically, only the Bureau of Prisons . . . could bring compassionate-release motions," and "the BOP rarely exercised this power." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (citation omitted). As amended by the First Step Act, § 3582(c)(1)(A) now states:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant* after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> >
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

3

Distilling this statutory language into its essentials, the Court may—not must—reduce a defendant's sentence under § 3582(c)(1)(A) if, after engaging in "a three-step inquiry," it finds that (1) "extraordinary and compelling reasons warrant [a sentence] reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "all relevant sentencing factors listed in 18 U.S.C. § 3553(a)" justify a reduction. *Elias*, 984 F.3d at 518 (alteration in original) (quoting *United States v. Jones*, 980 F.3d 1098, 1011 (6th Cir. 2020))); *see Jones*, 980 F.3d at 1106 (stating that "the compassionate release decision is discretionary, not mandatory"). "[D]istrict courts may deny compassionate-release motions when any of the . . . prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519 (citations omitted).

When deciding whether an inmate has identified extraordinary and compelling reasons for compassionate release under § 3582(c)(1)(A), district courts, before the First Step Act's enactment in 2018, "ha[d] universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. Coker*, No. 3:14-CR-085, 2020 WL 1877800, at *3 (E.D. Tenn. Apr. 15, 2020) (quotation omitted). Application Note 1 to § 1B1.13, at the time, "identifie[d] three specific extraordinary and compelling reasons (tied to the defendant's health, age, or family circumstances) and a fourth catchall," under which the Bureau of Prisons's director had license to grant release for "reason[s] other than" a defendant's health, age, or familial circumstances. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(ii)). But during the pandemic, the Sixth Circuit recognized that the Sentencing Commission had not updated § 1B1.13 in response to the First Step Act's passage—namely the First Step Act's provision

4

allowing inmates to pursue compassionate release on their own behalf—and it held, therefore, that "§ 1B1.13 is not an 'applicable' policy statement." *Jones*, 980 F.3d at 1008.

The Sentencing Commission has now updated § 1B1.13 in response to the First Step Act, *see* U.S. Sent'g Guidelines Suppl. to app. C, amend. 814, and the updated version of § 1B1.13(a) states:

> (a) In General.—Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S. Sent'g Guidelines Manual § 1B1.13(a)(1)–(3) (emphasis added). In addition, the Sentencing Commission updated § 1B1.13(b) so that it now includes an expanded set of circumstances that constitute extraordinary and compelling reasons, including familial circumstances. *Id.* § 1B1.13(b)(3).

### III. ANALYSIS

The Court may deny a motion for compassionate release under § 3582(c)(1)(A) based on § 3553(a)'s factors alone, and in this case, it will do so. *See United States v. Tomes*, 990 F.3d 500, 504 (6th Cir 2021) ("[W]e have said repeatedly that we can affirm a court's denial of a defendant's compassionate release motion based on the Court's consideration of the

5

§ 3553(a) factors alone. We do so here." (citations omitted)); *see also United States v. Pegram*, 843 F. App'x 762, 764 (6th Cir. 2021) ("Here, the district court's order discussed the § 3553(a) factors and concluded that" they "weigh in favor of continue[d] incarceration. Under our precedent, that is a sufficient, alternative basis for review." (alteration in original) (internal quotation mark omitted)).

The Court considered § 3553(a)'s factors "in some depth at the original sentencing," *United States v. Curry*, 606 F.3d 323, 331 (6th Cir. 2010), so it has no obligation to readdress each of them now, *see* 18 U.S.C. § 3582(c)(1)(A) (stating that district courts must consider § 3553(a)'s factors only "to the extent that they are applicable"); *United States v. Jones*, 407 F. App'x 22, 25 (6th Cir. 2011) (stating that in *Curry* "we held that the district court did not abuse its discretion even though it had not expressly considered all of the § 3553(a) factors" because "§ 3582(c)(2) proceedings 'do not constitute a full resentencing of the defendant' and do not require the same procedural formalities as plenary sentencings" (quoting *Curry*, 606 F.3d at 330–31)). "[A]s long as the record *as a whole* demonstrates that the pertinent factors were taken into account," the Court's analysis will be complete and adequate. *Curry*, 606 F.3d at 330–31 (emphasis added) (internal quotation mark and quotation omitted)).

In Ms. Simms's case, the relevant factors that the Court will address are § 3553(a)(1), (2), and (4):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

6

. . . .

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

18 U.S.C. § 3553(a)(1)–(2), (4). Ms. Simms's criminal offense—conspiracy to distribute fifty grams or more of methamphetamine—is unquestionably serious in nature, and so are the circumstances of her offense. *See United States v. Dilg*, 726 F. App'x 368, 371 (6th Cir. 2018) ("We have categorically labeled drug offenses as serious." (citing *United States v Moss*, 217 F.3d 426, 431 (6th Cir. 2000))); *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) ("[D]rug trafficking is a serious offense[.]" (citations omitted)); *cf. United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003) (describing a conspiracy to distribute heroin as "grave"). Ms. Simms admitted that she was responsible for conspiring to distribute 4,500 grams of methamphetamine, [Plea Agreement at 5]—which is a large quantity of drugs. *See United States v. Castro*, 960 F.3d 857, 865 (6th Cir. 2020) (stating that a hundred grams of heroin is a "large quantit[y] of drugs").

In addition, Ms. Simms received a favorable outcome at sentencing. The Court had the discretion to sentence her at the top of her initial advisory guidelines range—327 months—or higher. Instead, it accepted the United States's recommendation of a multi-level downward departure under § 5K1.1. *See* [United States's Sent'g Mem. & Mot. for Downward Departure, Doc. 348, at 6]. The United States has "a power, not a duty, to file a motion when a defendant has substantially assisted," *Wade v. United States*, 504 U.S. 181, 185 (1992), and the Court was under no obligation to follow the United States's recommendation of a multi-level departure, *see United States v. Bright*, 3 F. App'x 232, 237 (6th Cir. 2001) (recognizing district courts' "wide discretion concerning whether to depart under section 5K1.1" (quotation omitted));

7

*United States v. Mills*, No. 93-6418, 1994 WL 419573, at \*2 (6th Cir. Aug. 10, 1994) ("[A] district court's decision to grant or deny a § 5K1.1 motion is entirely discretionary."). The Court also significantly varied downward—by over forty percent—from the bottom of her adjusted advisory guidelines range and sentenced her to a below-guidelines sentence.

An additional reduction in her sentence simply would not reflect the seriousness of her offense, promote respect for the law, or provide just punishment for the offense, nor would it afford adequate deterrence or protect the public from future crimes. Because § 3553(a)'s factors militate against a reduction in her sentence, she is not entitled to relief under § 3582(c)(1)(A).

## IV. CONCLUSION

Ms. Simms fails to show that she is entitled to a sentence reduction under § 3582(c)(1)(A), and her motion [Doc. 448] is therefore **DENIED**.

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge

8